In the Matter of the Guardianship of WALTER T. ZIMDAHL, an Infant.

AUGUST ZIMDAHL and JOHANNA ZIMDAHL, Appellants; GENEVIEVE THORNTON and Others, Respondents.

Third Department, December 29, 1919.

Guardian — appointment of guardian of person and property of infant — discretionary power of surrogate — when grandparents have paramount right of appointment over great aunt and over trust company.

The order of a surrogate appointing guardians for the person and property of an infant is a discretionary one and will not be disturbed unless the record shows that the discretion was unwisely exercised.

But the paternal grandparents of an infant whose father and mother are dead have the paramount right to appointment as guardian of the person over a great aunt of the infant on his mother's side, where it appears that the infant lived with the grandparents who are respectable persons of middle age and well able to support him, there being nothing in the record to indicate the character or fitness of the aunt.

So too, it was an abuse of discretion to appoint a trust company guardian of the property of the infant which only amounted to $1,700, where the grandfather has held one employment for many years, is the owner of a good home free from incumbrances, and is prepared to give security

LYON and COCHRANE, JJ., dissent.

APPEAL by the petitioners, August Zimdahl and another, from an order of the Surrogate's Court of the county of Chemung, entered in the office of said surrogate on the 6th day of September, 1919, appointing the Chemung Canal Trust Company guardian of the estate of Walter T. Zimdahl, an infant, and appointing Elma Hillman guardian of the person of said infant.

*H. D. Wilcox*, for the appellants.

*Cassius A. Phillips*, for the respondents.

WOODWARD, J.:

The order of the surrogate appealed from is a discretionary one and ought not to be disturbed unless the record shows that the discretion was unwisely exercised. We have nothing to guide us but the record, which discloses that the petitioners August Zimdahl and Johanna Zimdahl, of the city of Elmira, were the parents of Henry H. Zimdahl, deceased; that Henry H. Zimdahl in his lifetime was married to Alice Thornton; that the fruit of that marriage was a son, Walter T. Zimdahl; that Henry H. Zimdahl contracted the marriage with Alice Thornton under circumstances displeasing, and justly so, to his parents; that for a short time after said marriage the couple lived with the wife's mother, and then for a longer period with the husband's parents, after which they lived by themselves and kept house. The wife fell ill and was taken to a hospital, where she died February 18, 1919, leaving the infant son, then a little over a year old. The father took the child with him to live with his parents, and there they remained until the father's death, which occurred soon after. The child has continued to live with his father's parents, and they seek the appointment of one or both of them as guardians of both the person and estate of this infant grandchild. It seems to me their claims are paramount and that one or both should be so appointed, unless some very serious reason prevents it.

The grandfather is sober, industrious, thrifty and respectable. The same is true of the grandmother. The grandfather has, except for a short interval, been in the employ of the same company for a quarter of a century. During that time he has saved enough to become the owner of a good home which he holds free from incumbrance. He is about fifty-five years of age; his wife about fifty. So they are not aged people. It is not urged that the infant's maternal grandmother is a suitable person to appoint as guardian of either the person or estate of the infant. The surrogate has appointed her sister, Mrs. Elma Hillman, a great aunt of the infant,

guardian of the person, and the Chemung Canal Trust Company, guardian of the property.

The record fails to tell us anything about Mrs. Hillman's age; her circumstances; her method of living; her moral character, or occupation; whether she has a husband living or is a widow; whether she boards or has a home of her own. The record is binding on us. We think that everything else being equal these grandparents would have a claim to guardianship superior to the great aunt. In addition the evidence all preponderates in their favor.

We also think this grandfather has demonstrated his capacity to care for the $1,700 estate of the infant, and that it is likely to be more profitably managed by him than by any one else. He is prepared to give a bond.

The order of the surrogate should be modified by substituting August Zimdahl as guardian of the person, in the place of Elma Hillman, and as guardian of the property in place of the Chemung Canal Trust Company, and as so modified affirmed, with costs to the appellants.

All concur, except LYON and COCHRANE, JJ., dissenting.

Order of the surrogate modified by substituting August Zimdahl as guardian of the person, in the place of Elma Hillman, and as guardian of the property in place of the Chemung Canal Trust Company, and as so modified affirmed, with costs to the appellants.