AGOSTINO L. IZABEL, Respondent, v. RYAN READY MIXED CONCRETE CORPORATION, Appellant.— Action to recover damages for personal injuries sustained by plaintiff when defendant's concrete mixing truck backed into him. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

In the Matter of the Judicial Settlement of the Final Account of CHARLES J. BARTLETT, as Executor, etc., of CHARLES BARTLETT, Deceased. CHARLES J. BARTLETT, Individually and as Executor of CHARLES BARTLETT, Deceased, Appellant; LILLIAN LINZER, Respondent, PHILIP FRANK, as Special Guardian for CHARLES J. BARTLETT, JR., and Others, Infants, Respondent.— Decree of the Surrogate's Court, Queens County, settling the executor's final account, in so far as appealed from, reversed on the law and the facts and the matter remitted to the Surrogate's Court to take further proof in relation to the claim of respondent Lillian Linzer, with costs to all parties filing briefs, payable out of the estate. On this record it may not be said that the claim of Lillian Linzer has been established. There is no proof that the assignment in evidence, upon which her claim is based, was delivered to the decedent or was received by some one in his behalf; and further, if delivered or received, the conditions of such delivery, if any, do not appear, although that may be the subject of inference from the recitals in the will. Upon the argument of the appeal it was suggested that further proof, tending to supply the deficiencies pointed out, may be furnished. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

In the Matter of the Application of LEOLA MATZLER BEAMAN, Appellant, for a Writ of Habeas Corpus to Bring up the Body of RICHARD McKEAN, JR., an Infant. RICHARD McKEAN, Respondent.— Proceeding to obtain custody of a child. Appeal from an order dismissing a writ of habeas corpus and directing that the child remain in the custody of his father, the respondent herein, with restricted visitation privileges to his mother, the appellant herein. Order reversed on the law and the facts, without costs, the writ sustained, and the custody of the child awarded to appellant, with the right of visitation to respondent on such days and at such times as the parties agree. If they are unable to agree, the order will provide for the respondent's right of visitation. In our opinion the interests of this nine-year-old child, which must be the paramount consideration, will be best served by awarding the custody of the child to the mother. Lazansky, P. J., Johnston, Taylor and Close, JJ., concur; Carswell, J., dissents and votes to affirm the order. (*Boyd* v. *Boyd*, 252 N. Y. 422; *Matter of Stuart*, 280 id. 245; *Matter of Bock* [*Breitung*], Id. 349; *Matter of Zimdahl*, 190 App. Div. 54.) Settle order on notice.