■ In the Matter of the Guardianship of PATRICIA A. LA FOUNTAIN. THEODORE LA FOUNTAIN, Appellant; VOLGERT ROTE, SR., et al., Respondents. (And One Other Proceeding.) — GREENBLOTT, J. Appeals from decrees of the Surrogate's Court of Fulton County, entered November 19, 1968, appointing respondents the general guardians of the persons of two infant children. The infants were the children of a marriage between appellant and the respondents' daughter in 1955. In 1963, the marriage was terminated in a decree of divorce brought by the wife on the ground of adultery. Custody was awarded to the mother. Thereafter, appellant entered into a second marriage which ended in divorce. Following this second divorce, appellant then fathered an illegitimate child for whose support he is also responsible. It appears further that the appellant was not regular in his support payments to the mother of the two infants, although he did continue to visit the children and made gifts to them. In April, 1968, the infants' mother died as a result of a motorcycling accident. The respondents, maternal grandparents of the children, petitioned the court for letters of guardianship of the person and property of the infant girls and the appellant cross-petitioned for identical relief. After a hearing, and a view of the respondents' homestead by the Surrogate, a decision was rendered in favor of the respondents. An order of the Surrogate appointing a guardian for an infant is discretionary, and unless the record shows that the discretion was unwisely exercised, the order should not be disturbed (*Matter of Zimdahl*, 190 App. Div. 54). An examination of the record supports the determination of the court, who had the opportunity to see and hear the witnesses, and to observe their demeanor. While it is true that the natural parent of a child under 14 years of age will be strongly favored as the child's guardian, unless shown by compelling and substantial proof to be unfit (*People ex rel. Kropp* v. *Shepsky*, 305 N. Y. 465), there is ample evidence in the record to support the Surrogate's determination. He could properly consider the divorce proceedings in 1962 between appellant and the mother of the children, in which appellant was the defendant, the illegitimate child fathered by appellant and his arrearages in support payments. Decrees affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN S. HATCHER, Appellant, v. CHARLES L. MCKENDRICK, as Warden of Wallkill Prison, Respondent.— REYNOLDS, J. Appeal from a judgment of the County Court, Ulster County, dismissing a writ of habeas corpus after a hearing. Pending this appeal the Second Department vacated appellant's conviction and ordered a new trial (*People* v. *Bell*, 32 A D 2d 781). Appellant is thus no longer confined pursuant to the sentence resulting from this conviction and, accordingly, this appeal is academic and should be dismissed (e.g., *People ex rel. Diaz* v. *McMann*, 26 A D 2d 843; *People ex rel. Taylor* v. *McMann*, 24 A D 2d 1080, mot. for lv. to app. den. 17 N Y 2d 421). Appeal dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.