[615 NYS2d 367]

In the Matter of the Guardianship of DARIUS IGNATIUS M. MENTAL HYGIENE LEGAL SERVICE, Appellant; WILBUR M., Respondent.

First Department, August 11, 1994

### APPEARANCES OF COUNSEL

*Karen Gomes Andreasian* of counsel *(Clifford S. Karr* and *Roberta J. Rattiner* on the brief; *Marvin Bernstein,* Mental Hygiene Legal Service, attorneys), for appellant.

*Wilbur M.,* respondent *pro se.*

### OPINION OF THE COURT

NARDELLI, J.

A 26-year-old man (hereinafter the son) residing in a special autism unit at the O.D. Heck Developmental Center in Schenectady, New York, is the subject of these proceedings. He carries a diagnosis of severe mental retardation, autism and significant behavioral disturbances and was originally admitted to the autism unit at Heck in Schenectady in 1979 at the request of his father (hereinafter the petitioner or the father). Prior to that time he was confined to the Pine Grove School in South Carolina. After his father demanded the son's release, Heck applied to the Schenectady County Court for an order pursuant to Mental Hygiene Law § 15.25 (c) authorizing the

further retention of the son at the special unit. The Schenectady County Court denied the father's application to have the retention hearing held in New York County. While that retention proceeding was pending in the Schenectady County Court, the father petitioned, not in that court, but in the New York County Surrogate's Court, pursuant to SCPA article 17, to be appointed guardian for his son. The Mental Hygiene Legal Service, the appellant herein, moved in the Surrogate's Court to dismiss the petition for lack of jurisdiction, or in the alternative, to transfer venue to Schenectady County, based upon the convenience of witnesses. The Surrogate's Court, in an order dated January 21, 1992, denied this motion, and scheduled a hearing on the guardianship motion for March 25, 1992. In the interim, the Schenectady County Court conducted a hearing on the retention application and in an order dated March 3, 1992, denied the father's request that the son be released from Heck to his custody.

After the guardianship hearing in Surrogate's Court, the court granted petitioner's application to be appointed guardian of his son, finding it to be "in the interests of a ward to have a person who has demonstrated continuing concern and interest participating in medical and other treatment decisions" and that petitioner "is such a person". The court conditioned the grant of letters of guardianship to petitioner on "his taking advice and counsel from an organization certified in New York to provide services to the mentally retarded", since it recognized that "some lapses in judgment have occurred in the past" on the part of the father.

Despite the fact that petitioner refused to designate an organization as required, letters of guardianship were issued to him. Thereafter, appellant petitioned the Surrogate's Court, pursuant to SCPA 1759 (2), for removal of the father as guardian, on a number of grounds. The Surrogate's Court, without a hearing, suspended the letters of guardianship. However, it found that its prior decision that the father was a suitable guardian would remain in force and that an amended decree would be resettled upon the father's designation of an organization which would be giving him advice and counsel.

There are questions with respect to the Surrogate's Court's jurisdiction (see, SCPA 1702, 1750 et seq.); even assuming, arguendo, that the Surrogate's Court did have such jurisdiction, it clearly abused its discretion in not granting appellant's alternative relief of changing venue to Schenectady County,

upon the clear showing that the convenience of material witnesses would be promoted by the change in venue.

Further, the evidence at the guardianship hearing showed that the father was not a suitable guardian for his son. As a father he has certain rights with respect to proposed medical and other treatment of his son (see, 14 NYCRR 633.11, 633.12, 681.13), but as *guardian* his consent or objection to treatment will deprive the ward of a court hearing in the case of objection. Consequently, evidence of poor judgment on the part of a prospective guardian, whatever the family relationship, should be a factor precluding appointment. Thus it is relevant that, when the son fractured his jaw and three teeth in a fall at Heck and was taken to a hospital in Schenectady, where surgery was scheduled, the father as guardian occasioned a delay of six or seven days by refusing his consent to surgery anywhere but in Manhattan, even after he was informed that delay could be harmful to his son. When Heck applied to the Supreme Court in Albany County for an order authorizing the surgery, the application was denied on the grounds that a treatment decision of a court-appointed guardian could not be overridden. The son had to be transported to Metropolitan Hospital in Manhattan for the surgery. The father's unfitness for the role of guardian is also demonstrated by his blunt refusal before the Surrogate to sign an agreement with Heck to have that facility act as the cooperating agency to fulfill the conditions of the Surrogate's original decree. His reiteration that he was concerned only with obtaining custody of his son further shows his poor judgment in view of the uncontroverted evidence, adduced at the hearing, that the treatment received by the son at Heck was vital for his well-being.

Accordingly, the decree of the Surrogate's Court, New York County (Eve Preminger, S.), entered on or about August 25, 1992, conditionally appointing petitioner as the guardian of his son, and the order of the same court and Surrogate, entered on or about September 3, 1993, which, *inter alia,* provided for resettlement of an amended decree upon petitioner's agreement to cooperate with a suitable supervising agency, should be reversed on the law and facts and vacated to the extent appealed from and the petition by the father to be appointed guardian dismissed, without costs or disbursements.

Motion seeking to enlarge the record is denied.

ROSENBERGER, J. P., ELLERIN and KUPFERMAN, JJ., concur.

Decree, Surrogate's Court, New York County, entered on or about August 25, 1992, and order, same court and Surrogate, entered on or about September 3, 1993, reversed, on the law and the facts, and vacated to the extent appealed from, and the petition by the father to be appointed guardian dismissed, without costs or disbursements. Motion seeking to enlarge the record is denied.