■ In the Matter of PATRICIA M. D. ROBERT JOSEPH D., Appellant; ROBERT JAMES D., Respondent. [649 NYS2d 808] —In a proceeding to revoke letters of guardianship of the person of Patricia D., her father, Robert Joseph D., appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated March 10, 1995, which, after a hearing, granted his son's petition to revoke the letters of guardianship issued to the father and issued letters of guardianship to the son.

Ordered that the order is affirmed, without costs or disbursements.

The appellant, Robert Joseph D., is the father of Patricia D., a 32-year-old mentally retarded woman. In 1981, the appellant and his wife, Patricia's mother, were issued letters of guardianship over Patricia's person. In 1984, Patricia's mother died, leaving the appellant as Patricia's sole guardian. In 1994, Patricia's brother, Robert James D., commenced this proceeding to revoke the letters of guardianship issued to the appellant, on the ground that the appellant was no longer capable of providing adequate care for Patricia. After a hearing, the Surrogate granted the petition, finding that, although Patricia's father obviously loved her and was trying his best to care for her, he was unable to appreciate the severity of her disability or to attend to her needs.

The Surrogate may exercise its discretion to relieve a guardian from his or her position if "the interest of justice will best be served" based on a showing that modification of a prior guardianship order is necessary to protect the "personal and/or financial interests" of the mentally retarded person (see, SCPA 1755; see generally, Stahl v Rhee, 220 AD2d 39). The Surrogate's findings of fact are supported by the record. Accordingly, we find that the Surrogate did not improvidently exercise his discretion in granting the petition (see, SCPA 1754, 1755; see, Matter of Darius Ignatius M., 202 AD2d 1, cert denied sub nom. Wilbur M. v Mental Hygiene Legal Serv., 514 US 1130). Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.