Matter of Ryan T.G. (Todd G.) (2018 NY Slip Op 06533)





Matter of Ryan T.G. (Todd G.)


2018 NY Slip Op 06533


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-03238

[*1]In the Matter of Ryan T.G. (Anonymous). Todd G. (Anonymous), et al., respondents; Elissa Haden, objectant-appellant. (File No. 480/16)


Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for objectant-appellant.
Rametta & Rametta, LLC, Goshen, NY (Robert M. Rametta of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to Surrogate's Court Procedure Act article 17-A, the objectant appeals from a decree of the Surrogate's Court, Orange County (Robert A. Onofry, S.), dated January 26, 2017. The decree, after a hearing and upon a decision of the same court dated January 19, 2017, finding that the ward, Ryan T. G., was an intellectually and developmentally disabled person within the meaning of Surrogate's Court Procedure Act article 17-A, appointed the petitioners as coguardians of the person and property of the ward.
ORDERED that the decree is affirmed, with costs payable by the objectant.
Copetitioner Todd G. (hereinafter the father), a resident of New York, and objectant Elissa Haden (hereinafter the mother), a resident of California, are the divorced parents of the ward, Ryan T. G. (hereinafter the ward), born in 1998. It is undisputed that the ward was born with intellectual and developmental disabilities which render him incapable of managing himself or his affairs. From 2001 to 2015 the ward resided in the care of the mother in Riverside County, California. In August 2015, the Superior Court of California, Riverside County, awarded the father sole custody of the ward. In accordance with that order, the ward relocated to the father's residence in Orange County, New York. After the ward reached the age of 18, the father and his wife, copetitioner Elisa Ann Donly (hereinafter together the petitioners), commenced this proceeding pursuant to Surrogate's Court Procedure Act (hereinafter SCPA) article 17-A, seeking to be appointed coguardians of the ward's person and property. The mother filed an objection to the guardianship petition. Following a hearing, the Surrogate's Court appointed the petitioners coguardians of the ward's person and property. The mother appeals.
As there is no dispute with respect to the ward's disabilities, the Surrogate's Court was authorized to appoint a guardian of the ward's person or property, or both, if such appointment was in the ward's best interests (see SCPA 1750, 1750-a[1]). The determination of what is in the ward's best interests is committed to the sound discretion of the Surrogate's Court (see SCPA 1754[5]), and this discretionary determination is entitled to great deference, as the Surrogate's Court had the opportunity to hear the witnesses and weigh their credibility (see Matter of Garett YY. , 258 [*2]AD2d 702, 703; Matter of Patricia M.D. , 233 AD2d 326, 327; Matter of La Fountain , 33 AD2d 586, 586). The Surrogate's Court's determination will not be disturbed unless unsupported by the record (see Matter of Patricia M.D. , 233 AD2d at 327; Matter of La Fountain , 33 AD2d at 586).
Here, the Surrogate's Court's appointment of the petitioners as coguardians of the ward's person and property was supported by the record.
The mother's remaining contentions are without merit.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court